**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JESSE WALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-cv-4537 (UNA) |
| | ) | |
| ELIZABETH WINGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on consideration of Plaintiff Jesse Wall's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1).  Plaintiff's claims pertain to civil protection order and criminal contempt proceedings against him in the Superior Court of the District of Columbia.  *See generally* Compl. ¶¶ 11-19 (referring to *Matthews v. Wall*, No. 2023 CPO 001500); *id*. ¶¶ 30-31, 38 (referring to *In re Wall*, No. 2023 CCC 000027 (D.C. Super. Ct. filed June 26, 2023)); *id*., ¶¶ 42-45 (referring to *In re Wall*, No. 2024 CCC 000036 (D.C. Super. Ct. filed Sept. 20, 2024)).[1]  Generally, Plaintiff demands damages from the Superior Court judges presiding over those proceedings, from the Assistant Attorney General for the District of Columbia representing the District in the civil protection proceeding, and from the

---

[1]     The court takes judicial notice of the Superior Court docket and its publicly available filings.  *See, e.g., Makell v. FedChoice Fed. Credit Union*, No. 19-cv-2364, 2019 WL 13255498, at *1 n.1 (D.D.C. Aug. 13, 2019) ("The Court is free to take judicial notice of the docket for the D.C. Superior Court case.").

United States of America pursuant to the Federal Tort Claims Act ("FTCA").[2] *See id*. ¶¶ 7, 9-10, 64-67.  It should come as no surprise to Plaintiff that this civil action is DISMISSED.

Plaintiff's claims against Superior Court Associate Judges Wingo, Brandt, McKenna, Pipe, and Seoane Lopez, and former Chief Judge Josey-Herring, arise from actions taken in their judicial capacities.  These defendants enjoy absolute judicial immunity from suit, and Plaintiff's claims against them are barred.  *See Wall v. Wingo*, No. 25-cv-2960, 2025 WL 3563186, at *1 (D.D.C. Dec. 8, 2025); *Wall v. Wingo*, No. 25-cv-2328, 2025 WL 2494886, at *1 (D.D.C. Aug. 28, 2025); *Wall v. District of Columbia*, No. 23-cv-3342, 2025 WL 958233, at *6 (D.D.C. Mar. 31, 2025), *aff'd*, No. 25-5103, 2025 WL 2627957 (D.C. Cir. Sept. 5, 2025) (per curiam).  The Court presumes that District Court Judges Reyes and Cobb are named Defendants because of their rulings in Civ. Nos. 25-2960 and 25-2328, and they, too, enjoy absolute immunity from suit. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]").  Similarly, because AAG Guest acted, essentially, as a prosecutor in the civil protection matter, she enjoys prosecutorial immunity.  *See Wall*, 2025 WL 3563186, at *1.[3]

Plaintiff's reliance on the FTCA is misplaced insofar as he attempts to hold the United States of America liable for the acts of Superior Court judges.  *See Wall v. United States of America*, No. 25-cv-3727 (D.D.C. May 19, 2026); *Wall v. United States*, No. 25-cv-1901, 2025

---

[2]    The court GRANTS Plaintiff's motion for leave to amend the complaint (ECF No. 3), which clarifies the date on which Plaintiff allegedly submitted his FTCA claim.

[3]    The court notes that these Defendants, among others, are named in yet another civil action, which has not yet been resolved.  *See Wall v. United States*, No. 25-cv-3243 (D.D.C. filed Sept. 14, 2025).

WL 2429840 (D.D.C. Aug. 21, 2025).[4]  And, as Plaintiff has been told before, this Court lacks jurisdiction to review Superior Court rulings.  *See Wall*, No. 2025 WL 2627957 ("[T]o the extent appellant sought district court review of a final judgment of the Superior Court, the district court correctly determined that it lacked jurisdiction.").

The Court GRANTS Plaintiff's application to proceed *in forma pauperis*, GRANTS his motion to amend the complaint, and DISMISSES the complaint and this civil action.  An Order is issued separately.

DATE: June 17, 2026                              /s/
                                                  TANYA S. CHUTKAN
                                                  United States District Judge

---

[4]      Plaintiff's FTCA claim arising from his arrest by Deputy United States Marshals, *see* Compl. ¶¶ 47-52, 54-55, is the subject of a separate civil action, *see Wall v. United States of America*, No. 24-cv-3621 (D.D.C. filed Dec. 30, 2024).